134 N.J. Super. 346 (1975)
340 A.2d 697
STATE OF NEW JERSEY, PLAINTIFF,
v.
ARTURO BUSH, DEFENDANT.
Superior Court of New Jersey, Camden County Court, Law Division.
February 21, 1975.
*347 Mr. Fred L. Solar, Assistant Prosecutor, for the State (Mr. Thomas J. Shusted, Camden County Prosecutor, attorney).
*348 Mr. Maury K. Cutler for defendant (Messrs. Supnick, Mitnick & Cutler, attorneys).
ITALIANO, J.C.C.
Defendant was arrested on August 23, 1973 and charged with violating N.J.S.A. 24:21-20(a) (3), possession of less than 25 grams of marijuana; and N.J.S.A. 2A:170-25.1, allowing marijuana plants to grow on his premises. On November 15, 1973 defendant, through his counsel, applied to the Camden Municipal Court for suspension of criminal proceedings pursuant to N.J.S.A. 24:21-27. The municipal judge's denial of the motion for conditional discharge was predicated on the belief that it was entirely within the court's discretion to avail a defendant of the suspension provisions of the statute. Defendant subsequently appealed this denial pursuant to R. 3:23. The County Court, in an unpublished opinion, held the discretion of a trial judge in such matters is limited to a "determination of whether or not a particular defendant qualified for a conditional discharge." The county judge found that the municipal judge was exercising his discretion solely on the basis of his feeling that the remedy under the statute was available only to a special category of offenders (marijuana users), and not to others charged with disorderly persons violations. The matter was remanded to the municipal court for the findings that are required under N.J.S.A. 24:21-27(c), and that court was ordered to entertain defendant's motion in accordance with the statutory requirements. On August 15, 1974 defendant was found not guilty as to the growing charge, but he was again denied a conditional discharge. An appeal to this court ensued.
A trial de novo was held, and at that hearing the following facts were established; defendant is 22 years old; he is married and has a child; he is gainfully employed as a clothing salesman and has been so employed for three years; he has not been previously convicted of any drug-related offenses, and he no longer uses marijuana.
*349 The record of the second municipal court hearing revealed that the latest denial of a conditional discharge was based upon the judge's conclusion that N.J.S.A. 24:21-27 does not apply to those who are charged with possession of marijuana. The judge equated the phrase "supervisory treatment," as used in this section, with some form of medical, psychological or residential treatment. The result flowing from this equation was a ruling that in the absence of such programs for marijuana users to correct any dependency on the drug, the Legislature did not intend for first-time marijuana offenders to have the remedy of conditional discharge available to them. Therefore, the issue presented in this case is whether the absence of residential, medical or psychological treatment for marijuana users precludes suspension of proceedings in the case of first-time marijuana offenders.
N.J.S.A. 24:21-27 in relevant part reads:
Whenever any person who has not previously been convicted of any offense under the provisions of this Act [New Jersey Controlled Dangerous Substances Act] or, subsequent to the effective date of this Act, under any law of the United States, this State or any other State, relating to narcotic drugs, marijuana, or stimulant, depressant or hallucinogenic drugs, is charged with or convicted of any offense under subsections 20 a. (1), (2) and (3), and b., the court, upon notice to the prosecutor and subject to subsection c., may, on motion of the defendant or the court:
(1) Suspend further proceedings and with the consent of such person after reference to the Controlled Dangerous Substance Registry, as established and defined in the Controlled Dangerous Substances Registry Act of 1970, place him under supervisory treatment upon such reasonable terms and conditions as it may require; or
(2) After plea of guilt or finding of guilt, and without entering a judgment of conviction, and with the consent of such person after proper reference to the Controlled Dangerous Substances Registry as established and defined in the Controlled Dangerous Substances Registry Act of 1970, place him on supervisory treatment upon such reasonable terms and conditions as it may require, or as otherwise provided by law.

* * * * * * * *
c. Proceedings under this section shall not be available to any defendant unless the court in its discretion concludes that:
*350 (1) The defendant's continued presence in the community, or in a civil treatment center or program will not pose a danger to the community; or
(2) that the terms and conditions of supervisory treatment will be adequate to protect the public and will benefit the defendant by serving to correct any dependence on or use of controlled substances which he may manifest. [Emphasis supplied]
Thus, the language of this section expressly states that the suspension provisions are available to any person charged with or convicted of any offense listed in N.J.S.A. 24:21-20(a)(1), (2) and (3) and (b). The latter section sets out the types of offenses and penalties for possession or use of various controlled dangerous substances. The classification of offenses range from high misdemeanors for drugs listed in Schedules I, II, III or IV, N.J.S.A. 24:21-5 to 21-8, to disorderly persons violations for possession of 25 grams or less of marijuana or five grams or less of hashish. The ostensible reason for the enumeration of offenses in § 20 is to limit the conditional discharges to instances of use and possession and to differentiate them from other types of drug offenses, such as sale and distribution. State v. DiLuzio, 130 N.J. Super. 222 (Law Div. 1974). Since marijuana is specifically enumerated, it would seem manifestly within the contemplation of the Legislature that suspension proceedings be available to those persons charged with its possession or use. Yet, the municipal judge did not interpret the statute to include marijuana due to his understanding of what "supervisory treatment" means. It is this court's opinion that the municipal judge's interpretation of the statute is not consistent with the plain language of §§ 20 and 27. In addition, it fails to recognize the aims of the Legislature in enacting the Controlled Dangerous Substances Act.
The act represented a basic policy change from treating drug users as criminals to an approach which endorsed treatment for and leniency toward drug offenders. This policy change was stated by Governor Cahill in a special message to the Legislature, "Drug Abuse  Problem of the Decade" (April 27, 1970):
*351 Thirdly, the proposed act takes a first legislative step at recognizing that use of drugs is a social or medical illness. Thus, with respect to persons charged with use or possession of any dangerous drug for the first time, the act confers upon the court new discretionary authority to defer criminal proceedings and to impose a special term of probation.
Section 27 implements this enlightened approach by permitting the first-time drug offender to seek out some sort of rehabilitative treatment designed to cure the peculiar problems which lead one to drug dependency or usage. This course is preferred over traditional criminal sanctions which are ill-suited for rehabilitation of drug users.[1] However, the statute does not dictate what form that rehabilitative treatment must take, other than to provide that there must be reasonable supervision. The inference to be drawn from this is that the Legislature intended the disposition of each case to turn on its own facts, with each individual being treated in the manner most beneficial to him. The sole reference to any specific form of treatment appears in subdivision (b). This provision restricts the maximum period of residential treatment to three years in the event such treatment is deemed necessary by the judge. Contrary to the conclusion reached by the municipal judge, a restrictive provision such as this cannot be construed to require residential treatment. Similarly, the absence of any specific requirement of medical or psychological treatment in the statutory language buttresses the conclusion that the existence of programs of this nature to treat marijuana users is not a sine qua non for availability of conditional discharge.
To properly implement the statute, the court must make a bona fide determination whether an individual satisfies either of the criteria for conditional discharge found in N.J.S.A. 24:21-27(c). State v. Pollara, 130 N.J. Super. *352 119 (App. Div. 1974). The criteria of subsection (c), and those criteria alone, must be applied in reaching a determination of whether proceedings should be suspended for a first offender. If the court finds the individual satisfies one of the criteria, a conditional discharge must be granted. Were this not so, what purpose would be served by listing the criteria? A court may disagree with the legislative intent in providing suspension provisions, but, as the Appellate Division stated in Pollara (at 122): "A judge is free to disagree with the policy of a statute but not to refuse to apply it in good faith, unless he finds it unconstitutional * * *" (Emphasis supplied).
When a conditional discharge is granted in the case of marijuana use, supervisory treatment may be provided through programs of the county probation department or by a respected member of the community providing counseling for the offender or by any other reasonable means which will effectuate the Legislature's goal of rehabilitative guidance. To deny the opportunity for treatment allowed by conditional discharge to the marijuana user, where that person meets the statutory criteria, is to subvert this goal.
Therefore, this court finds defendant meets the criterion of N.J.S.A. 24:21-27(c)(1) in that he poses no danger to the community, and his motion for conditional discharge is granted.
NOTES
[1] Hyland, "Drug Abuse and the State Criminal Justice System: Alternative to Existing Modes of Treatment," 2 Crim. Justice Q. 167, 177 (1974).